UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIEL L. JOHNSON, | : | |
| Plaintiff, | : | Civ. No. 24-444 (JKS) (JBC) |
| v. | : | |
| | : | **MEMORANDUM AND ORDER** |
| DETECTIVE LAVELLE, et al., | : | |
| Defendants. | : | |

Plaintiff Daniel L. Johnson, an inmate at Northern State Prison ("NSP") in Newark, New Jersey, seeks to commence a civil rights action pursuant to 42 U.S.C. § 1983 and to proceed *in forma pauperis* ("IFP"). DE 1-2. For the reasons below, the Court denies Plaintiff's IFP application without prejudice and administratively terminates this action.

A prisoner seeking to commence a civil action without prepayment of the filing fee must submit an affidavit, including a statement of all assets, establishing that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he is or was confined. *Id.*

Here, Plaintiff indicates on his IFP application that he has been confined at NSP since December 2023, and lists no other places of confinement. DE 1-1 at 2. However, his complaint alleges that he has "spent 10 years behind bars," DE 1 at 6, and the New Jersey Department of Corrections database lists Plaintiff as having been in custody since January 2017. *See* https://www-doc.state.nj.us/DOC_Inmate/inmatesearch (search "Daniel Johnson"; last visited 2/8/2024). Further, Plaintiff does not provide the Court with an account statement for the six

months preceding the date he filed his complaint[1]; rather, he provides account statements with transactions dated May 1, 2023, through June 19, 2023, and October 20, 2023, through November 18, 2023. DE 1-3 at 2, 5–6.

Without complete information regarding Plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, the Court cannot determine whether IFP status is appropriate. Accordingly, the Court denies Plaintiff's IFP application without prejudice. If Plaintiff provides the Court with a certified account statement covering the six-month period prior to the date he filed his complaint, he may request that the Court reopen the case. Plaintiff is reminded that if he intends to move for IFP status, he must provide the Court with accurate information regarding his dates and places of confinement, and his financial condition.

Whether the matter proceeds IFP or Plaintiff prepays the filing fee, however, the Court must still screen Plaintiff's complaint and dismiss it if it is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A & 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the filing fee is not refunded. If Plaintiff has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, IT IS on this 14th day of February, 2024,

---

[1] Plaintiff's complaint is dated November 29, 2023 (DE 1 at 7), and his IFP application is dated November 28, 2023 (DE 1-2 at 3), but this Court did not receive it until January 23, 2024 (DE 1 at 1), and the envelope has a postmark of January 17, 2024 (DE 1-4). Plaintiff does not indicate the date on which he placed his filing in the prison mail system.

**ORDERED** that the application to proceed *in forma pauperis* (DE 1-2) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee. This is not a "dismissal" for purposes of the statute of limitations. If the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101, within 45 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed IFP application, including a legible certified six-month prison account statement, or (2) the $405 fee (which includes a $350 filing fee and a $55 administrative fee); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete IFP application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank IFP application (DNJ-Pro Se-007-A-(Rev.12/2020)) upon Plaintiff by regular U.S. mail.

　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　**JAMEL K. SEMPER, U.S.D.J.**